1  J. Mark Moore (SBN 180473)
   mark@spiromoss.com
2  Denise L. Diaz (SBN 159516)
   deniseldiaz@gmail.com
3  **SPIRO MOSS LLP**
   11377 W. Olympic Blvd., 5th Floor
4  Los Angeles, California 90064
   Tel.:  (310) 235-2468
5  Fax:  (310) 235-2456

6  Richard J. Doherty (*pro hac vice* application pending)
   rich@bockhatchllc.com
7  **BOCK & HATCH LLC**
   134 N. LaSalle St., Suite 1000
8  Chicago, Illinois 60602
   Tel.:  (312) 658-5505
9  Fax:  (312) 658-5555

10  Attorneys for Plaintiff DAVID ROBERTS,
    individually and on behalf of others
11  similarly situated

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14

15  DAVID ROBERTS, individually and on behalf    Case No.: **CV 12-00622** PSG
    of others similarly situated,
16                                                **COMPLAINT**
                    Plaintiff,
17                                                 1. Violations of the Telephone Consumer
         vs.                                          Protection Act, 47 U.S.C. §227, *et seq*
18
    PAYPAL, INC., and DOES 1 through 10,
19  inclusive,                                    CLASS ACTION

20                  Defendants.
                                                  DEMAND FOR JURY TRIAL
21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

**BY FAX**

1        Plaintiff David Roberts ("Plaintiff") brings this class action complaint against defendant

2  PayPal, Inc. ("PayPal" or "Defendant") and DOES 1 through 10, inclusive (collectively,

3  "Defendants"), to stop Defendants' practice of making unsolicited text message calls to cellular

4  telephones, and to obtain statutory damages for Plaintiff and all other class members. Plaintiff's

5  allegations are based upon information and belief, except as to his own actions, which are based on

6  knowledge. Plaintiff's information and belief is based on the investigation of counsel, as follows:

7

8                            **INTRODUCTION**

9      1.     This case challenges Defendants' practice of sending unsolicited advertisements to

10  consumers via text message, in violation of federal law.

11

12      2.     By sending these text messages, PayPal and the other defendants have caused

13  consumers harm, not only because consumers were subjected to the aggravation that accompanies

14  unsolicited wireless spam but also because many consumers pay to receive text messages.

15

16      3.     As alleged more fully herein, Defendants' conduct in sending unsolicited text

17  messages violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"),

18  which prohibits automated, unsolicited text and voice calls to cell phones.

19

20      4.     On behalf of himself and a nationwide class, Plaintiff seeks statutory damages for

21  himself and all class members and all other relief the Court deems appropriate.

22

23      5.     The allegations in this complaint are made without any admission that, as to any

24  particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.  Plaintiff reserves

25  all rights to plead in the alternative.

26

27

28

**CLASS ACTION COMPLAINT**

SPIRO MOSS LLP

SPIRO MOSS LLP

## JURISDICTION AND VENUE

6.     Jurisdiction:    Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as the claim alleged herein arises under federal law.

7.     Personal jurisdiction exists in California because Defendant has transacted business and made or performed contracts substantially connected with this State. Defendant is in fact headquartered in San Jose, California.

8.     Intradistrict Assignment:   Venue and assignment are proper in this District because Defendant conducts business and is headquartered in Santa Clara County, within this District. A substantial part of the events giving rise to the claims herein occurred in this district. There also is personal jurisdiction in this district, as discussed above.

## THE PARTIES

9.     Plaintiff is an individual who resides in Illinois.

10.    Defendant PayPal is a California corporation with its principal offices in San Jose, California. Its registered agent is National Registered Agents, Inc. At all relevant times Defendant has, on information and belief, been qualified to do business in California. PayPal is a global e-commerce business allowing payments and money transfers to be made via the Internet.

11.    Plaintiffs are informed, believe and thereon allege that defendants DOES 1 through 10, are in some manner responsible for the acts and wrongs complained of herein, and that all Defendants conspired or act together as part of a joint venture to violate the TCPA as alleged herein. On information and belief, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for

CLASS ACTION COMPLAINT

1  profit, and bore such relationships to some or all of the other defendants so as to be liable for their

2  conduct with respect to the matters alleged herein. On information and belief, each defendant

3  acted pursuant to and within the scope of these relationships, each defendant knew or should have

4  known about the conduct of all other defendants, and each defendant authorized, ratified, adopted,

5  approved, controlled, and/or aided and abetted the conduct of all other defendants. The true names

6  and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1

7  through 10, inclusive, and each of them, are unknown to Plaintiffs at this time, and Plaintiffs

8  therefore sue said defendants by such fictitious names. Plaintiffs will seek leave of Court to amend

9  to name these DOE defendants when their names have been ascertained.

10

11  ## CLASS ACTION ALLEGATIONS

12      12.    Plaintiff brings this lawsuit on behalf of himself and all other persons similarly

13  situated, as members of the proposed Plaintiff Class (the "Class"). The Class period is the four

14  years prior to the filing of this action and the Class is defined as follows:

15      All cellular telephone account holders owning a cellular telephone number to

16      which a text message was sent advertising the commercial availability of

17      PayPal's property, goods, or services without their prior express invitation or

18      permission to receive advertisements by text message.

19

20      13.    Excluded from the Class are Defendant, any entity in which Defendant has a

21  controlling interest, any officers or directors of Defendant, the legal representatives, heirs,

22  successors, and assigns of Defendant, any Judge assigned to this action, and his or her family.

23

24      14.    This action is brought and may properly be maintained as a class action pursuant to

25  the provisions of Federal Rules of Civil Procedure, Rule 23 and other class action law.

26

27      15.    **Numerosity/Impracticality of Joinder:** The members of the Class are so numerous

28  that joinder of all Class members is impracticable. The precise number of Class members and their

SPIRO MOSS LLP

addresses are unknown to Plaintiff, but can be obtained from Defendant's records. On information and belief, the Class includes at least 40 persons.

16.    **Ascertainability:** The class is objectively defined, permitting class members to identify themselves. On information and belief, the members of the Class may be identified from the records of Defendants.

17.    **Commonality and Predominance:** There is a well-defined community of interest and common questions of law and fact predominate over any questions affecting only individual members of the Class. These common legal and factual questions do not vary from one Class member to another and may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

a.    Whether Defendant's automated text messages or calls contained material advertising the commercial availability of any property, goods, or services;

b.    Whether Defendant's conduct is governed by the TCPA;

c.    Whether Defendant's conduct violated the TCPA;

d.    Whether Defendant's automated text message telephone calls violated the TCPA;

e.    Whether the class members are entitled to statutory damages; and

f.    Whether Defendant violated the TCPA knowingly or willfully and, if so, whether the class members are entitled to trebled statutory damages.

18.    **Typicality:** Plaintiff and the other members of the Class received unsolicited text messages from Defendant, without having provided their express invitation or permission to receive such text messages. Plaintiff's claims are typical of, and the same as, the claims of the other Class Members, and arise from the same practice in violation of the TCPA. All suffered losses, injuries and damages arising out of the same practice alleged herein. Plaintiff seeks statutory damages for himself and the entire class.

**CLASS ACTION COMPLAINT**

1    19.    **Adequacy of Representation:** Plaintiff is an adequate representative of the Class

2    because his interests do not conflict with the interest of the members of the Class he seeks to

3    represent. Plaintiff has retained counsel competent and experienced in complex class action

4    litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff and his attorneys will

5    fairly and adequately protect the interests of the Class.

6

7    20.    **Superior:** A class action is the superior means for the fair and efficient adjudication

8    of this lawsuit, because individual litigation of the claims of all Class members would be

9    economically unfeasible and procedurally impracticable. The individual damages incurred by each

10    Class member resulting from Defendant's wrongful conduct are too small to warrant the expense of

11    individual suits. The likelihood of individual Class members prosecuting separate claims is remote,

12    and even if every Class member could afford individual litigation, the court system would be

13    unduly burdened by individual litigation of such cases. Individual members of the Class do not

14    have a significant interest in individually controlling the prosecution of separate actions, and

15    individualized litigation would also present the potential for varying, inconsistent, or contradictory

16    judgments and would magnify the delay and expense to all parties and to the court system resulting

17    from multiple trials of the same factual issues. Plaintiff knows of no difficulty to be encountered in

18    the management of this action that would preclude its maintenance as a class action. Relief

19    concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be

20    proper.

21

22    21.    Plaintiff foresees no difficulty in the management of this action as a class action.

23    The class members and their damages may be determined based upon information maintained by or

24    available to Defendant.

25

26

27

28

**CLASS ACTION COMPLAINT**

**FACTS**

22. Text messages are an increasingly common form of sending (or "texting") short messages to and from cellular/wireless phones using the Short Messenger Service ("SMS"). Texting is available on most cellular phones.

23. The most common application of texting is person-to-person messaging. However, text messages may also be used in connection with automated systems used to order products and services for cellular phones or in connection with participation in contests or marketing programs.

24. Businesses continually look for cost-effective methods for mass marketing their goods and services. In addition to conventional advertising, in recent years, the widespread use of cellular phones and texting by consumers has presented a marketing opportunity to businesses which have been stymied by laws prohibiting solicitations over the telephone, via facsimile machines and via email.

25. Unlike conventional advertising, text message advertising requires the use of technology (e.g., a cell phone) owned and paid for by the text message recipients and often results in additional charges to the recipient as well (because most cellular phone users must pay for each incoming text message received), regardless of whether that message is authorized.

26. Defendants have caused a mass transmission of text messages to cellular phone users, including the members of the Class, in the hopes of gaining income from consumers who will purchase Defendant's products or services.

27. On December 8, 2010 at 1:35 p.m., Defendant, or someone acting on Defendant's behalf, sent the following text message to a cellular telephone number on Plaintiff's cellular telephone account:

> PayPal: Welcome! To learn about PayPal Mobile services, visit m.paypal.com.

Page 7
**CLASS ACTION COMPLAINT**

To stop notifications, text STOP to 729725. For more info, text HELP to

729725 o 1/2 r call 1-888-221-1161. Msg and data rates may apply. 2/2

28.     Plaintiff did not expressly invite or permit Defendant to send advertising material to

his cellular telephone number by text message.

<b>FIRST CLAIM FOR RELIEF</b>

(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, <i>et seq.</i>)

29.     Plaintiff brings Count I on behalf of the Class pursuant to the TCPA.

30.     Plaintiff incorporates by reference and realleges all paragraphs previously alleged

herein.

31.     The TCPA provides in pertinent part as follows:

(b) Restrictions on use of automated telephone equipment

(1) Prohibitions

It shall be unlawful for any person within the United States, or any person outside

the United States if the recipient is within the United States –

(A) to make any call (other than a call made for emergency purposes or made with

the prior express consent of the called party) using any automatic telephone dialing

system or an artificial or prerecorded voice –

...

(iii) to any telephone number assigned to a paging service, cellular telephone

service, specialized mobile radio service, or other radio common carrier service, or

any service for which the called party is charged for the call.... [47 U.S.C. § 227 (b)

(1) (A) (iii).]

SPIRO MOSS LLP

Page 8
<b>CLASS ACTION COMPLAINT</b>

32. Defendant sent unsolicited commercial text calls to Plaintiff and others using an automated telephone dialing system and/or using an artificial and prerecorded message to the wireless telephone numbers of the Class.

33. Defendant sent these text calls without obtaining the prior express invitation or permission of the called parties, including Plaintiff.

34. Defendant knew or should have known that it lacked the recipients' express invitation or permission before sending the text calls.

35. Defendant has therefore violated the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

36. As a result of Defendant's illegal conduct, the members of the Class suffered damages and under 47 U.S.C. § 227 (b) (3) (B), are each entitled, *inter alia*, to a minimum of $500.00 in damages for each such violation of the TCPA.

37. If the Court determines that Defendant's violations of the TCPA were willful or knowing, then the Court should treble the statutory damages awarded to the members of the Class. 47 U.S.C. § 227 (b) (3) (C).

38. The Court should enjoin Defendant from sending future text messages without the recipients' prior express invitation or permission.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff respectfully requests judgment and relief as follows:

a. Find this action to be a proper class action and designate Plaintiff and the undersigned counsel as the representatives thereof;

**CLASS ACTION COMPLAINT**

b.  Find that Defendants' practices described herein violate the TCPA;

c.  Award statutory damages to Plaintiff and each of the other members of the Class in the amount of $500 per text, but not less than $15,000 in the aggregate;

d.  If Defendants knowingly or willfully sent the texts, treble the statutory damages in favor of Plaintiff and the other members of the Class;

e.  Enjoin Defendants from further engaging in conduct which violates the TCPA; and

f.  Grant any and all other relief that the Court may deem just and proper.

Dated: February 8, 2012

Respectfully submitted,

SPIRO MOSS LLP

By:
J. Mark Moore
Denise L. Diaz
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064
Tel.: (310) 235-2468
Fax: (310) 235-2456

Richard J. Doherty (pro hac vice pending)
BOCK & HATCH LLC
134 N. LaSalle St., Suite 1000
Chicago, Illinois 60602
Tel.:   (312) 658-5505
Fax:   (312) 658-5555

*Attorneys for Plaintiff DAVID ROBERTS*

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all claims and counts so triable.

Dated: February 8, 2012

Respectfully submitted,

**SPIRO MOSS LLP**

By: _____
J. Mark Moore
Denise L. Diaz
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064
Tel.: (310) 235-2468
Fax: (310) 235-2456

Richard J. Doherty (pro hac vice pending)
**BOCK & HATCH LLC**
134 N. LaSalle St., Suite 1000
Chicago, Illinois 60602
Tel.:   (312) 658-5505
Fax:   (312 658-5555

*Attorneys for Plaintiff DAVID ROBERTS*