STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
LISA M. SIMONETTI (State Bar No. 181570)
JOSEPH A. ESCAREZ (State Bar No. 266644)
2029 Century Park East
Los Angeles, California  90067-3086
Telephone: 310-556-5800
Facsimile:  310-556-5959
Email:  lacalendar@stroock.com

Attorneys for Defendant
  PAYPAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERTS, individually and on behalf of others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>PAYPAL, INC., and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. C 12-0622 PJH<br><br>[Assigned to the Hon. Phyllis J. Hamilton]<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT PAYPAL, INC. FOR SUMMARY JUDGMENT**<br><br>[HEARING DATE TO BE SET BY STIPULATION, PURSUANT TO ORDER DATED MAY 10, 2011] |

**TO THE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, on a date to be set by stipulation pursuant to this Court's order dated May 10, 2012, in Courtroom 3 of the above-entitled Court, located at 1301 Clay Street, Oakland, CA 94612, defendant PayPal, Inc. ("PayPal") will, and hereby does, move for an order granting summary judgment on the Complaint pursuant to Federal Rule of Civil Procedure 56(a) on the ground that there is no genuine dispute as to any material fact and PayPal is entitled to judgment as a matter of law.

In this action, plaintiff David Roberts ("Roberts") asserts that PayPal sent an unsolicited text message advertisement to his cell phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. Roberts brings this claim for himself and for a purported nationwide class of persons who received text message advertisements.

As detailed below, Roberts's claim fails as a matter of undisputed fact and settled law because he provided his "prior express consent" to receiving the text message, within the meaning of the TCPA, in two ways. First, Roberts voluntarily provided his cell phone number to PayPal. Pursuant to ample law, this alone constitutes prior express consent to receiving the text message at that number. Second, at the time Roberts provided his cell phone number to PayPal, the agreement governing Roberts's PayPal account explicitly stated that, by giving a cell phone number to PayPal, a customer consents to receiving autodialed or prerecorded message calls at that number. Accordingly, in this additional way, Roberts consented to receiving the text message. See, e.g., Frausto v. I.C. Sys., Inc., No. 10-CV-1363, 2011 WL 3704249, at *1-3 (N.D. Ill. Aug. 22, 2011) (holding that prior express consent was obtained where plaintiff provided PayPal with his cell phone number and consented to PayPal's user agreement).

///
///
///

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of John Muller and Lisa M. Simonetti, the pleadings and records on file herein, such further papers as may be filed in connection with this Motion and such other evidence and arguments as may be presented to the Court prior to or at the hearing on this Motion.

Dated:  July 11, 2012

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
LISA M. SIMONETTI
JOSEPH A. ESCAREZ

By: /s/ Lisa M. Simonetti
      Lisa M. Simonetti

Attorneys for Defendant
  PAYPAL, INC.

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | THE ALLEGATIONS OF THE COMPLAINT | 2 |
| III. | UNDISPUTED FACTS | 2 |
| | A. The Parties | 2 |
| | B. Roberts's PayPal Account And Cell Phone Number | 2 |
| IV. | ARGUMENT | 4 |
| | A. PayPal Easily Meets The Standard For Summary Judgment. | 4 |
| | B. Roberts's TCPA Claim Fails As A Matter Of Undisputed Fact And Settled Law. | 5 |
| |    1. Roberts's Claim Is Defeated Because He Provided The Cell Number to PayPal. | 5 |
| |    2. Further, Even Though PayPal Need Show Nothing More Than That Roberts Provided The Cell Number, He Also Is Bound By The Consent Provision. | 8 |
| V. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Anderson v. Liberty Lobby, Inc.,
 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) .......................................................... 5

Beard v. PayPal, Inc.,
 No. 09–1339–JO, 2010 WL 654390 (D. Or. Feb. 19, 2010) ....................................................... 9

Cavero v. Franklin Collection Serv. Inc.,
 No. 11-22630-CIV, 2012 WL 279448 (S.D. Fla. Jan. 31, 2012) ................................................ 7

Celotex Corp. v. Catrett,
 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) .......................................................... 4, 5

Cunningham v. Credit Mgmt., L.P.,
 No. 3:09-cv-1497-GB (BF), 2010 WL 3791104 (N.D. Tex. Aug. 30, 2010) ........................... 7

Frausto v. I.C. Sys., Inc.,
 No. 10-CV-1363, 2011 WL 3704249 (N.D. Ill. Aug. 22, 2011) ...................................... 1, 8, 9

Freeman v. Arpaio,
 125 F.3d 732 (9th Cir. 1997) ..................................................................................................... 5

Greene v. DirecTV, Inc.,
 No. 10 C 117, 2010 WL 4628734 (N.D. Ill. 2010) .................................................................... 7

Gutierrez v. Barclays Grp.,
 No. 10cv1012 DMS (BGS), 2011 WL 579238 (S.D. Cal. Feb. 9, 2011) ......................... 1, 7, 8

Ibey v. Taco Bell Corp.,
 No. 12–CV–0583–H (WVG), 2012 WL 2401972 (S.D. Cal. June 18, 2012) ....................... 7, 8

In re Ebay Seller Antitrust Litig.,
 No. C 07–01882 JF (RS) 2010 WL 760433 (N.D. Cal. Mar. 4, 2010) ..................................... 9

Joffe v. Acacia Mortg. Corp.,
 121 P.3d 831, 211 Ariz. 325 (Ariz. Ct. App. 2005), cert. denied, 549 U.S. 1111, 127 S.
 Ct. 934, 166 L. Ed. 2d 703 (2007) ............................................................................................ 6

Leckler v. Cashcall, Inc.,
 No. C 07-04002 SI, 2008 WL 5000528 (N.D. Cal. Nov. 21, 2008) .......................................... 8

Lozano v. Twentieth Century Fox Film Corp.,
 702 F. Supp. 2d 999 (N.D. Ill. 2010) ......................................................................................... 6

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) .......................................................... 5

Moise v. Credit Control Servs., Inc.,
   No. 11-60026-CIV-SEITZ/SIMONTON, 2011 U.S. Dist. LEXIS 120250 (S.D. Fla. Oct.
   18, 2011) ................................................................................................................................. 7

Osorio v. State Farm Bank, F.S.B.,
   No. 11-61880-CIV, 2012 WL 1671780 (S.D. Fla. May 10, 2012) ........................................... 7

Randall v. Rolls-Royce Corp.,
   637 F.3d 818 (7th Cir. 2011) .................................................................................................... 9

Satterfield v. Simon & Schuster, Inc.,
   569 F.3d 946 (9th Cir. 2009) ................................................................................................ 5, 6

Sluimer v. Verity, Inc.,
   606 F.3d 584 (9th Cir. 2010) .................................................................................................... 5

Starkey v. Firstsource Advantage, LLC,
   No. 07-CV-662A(ASR), 2010 WL 2541756 (W.D.N.Y. Mar. 11, 2010) .............................. 1, 7

US West Commc'ns., Inc. v. Hamilton,
   224 F.3d 1049 (9th Cir. 2000) .................................................................................................. 8

Zinser v. Accufix Research Institute, Inc.,
   253 F.3d 1180 (9th Cir. 2001) .................................................................................................. 9

**STATUTES**

Hobbs Act, 28 U.S.C. § 2342 ............................................................................................................ 8

Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ................................................. passim

**RULES AND OTHER AUTHORITIES**

47 C.F.R. parts 64 and 68 ................................................................................................................. 6

Fed. R. Civ. P. 23(a)(4) .................................................................................................................... 9

Fed. R. Civ. P. 56(a) ........................................................................................................................ 4

In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,
   7 F.C.C.R. 8752, 8769, 1992 WL. 690928 (Oct. 16, 1992) ............................................ 1, 6, 8

In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,
   18 F.C.C.R. 14014, 2003 WL 21517853 (July 3, 2003) .......................................................... 6

S. Rep. No. 102-178, 102nd Cong., 1st Sess. (1991) ...................................................................... 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

By his Complaint, plaintiff David Roberts ("Roberts") asserts that PayPal, Inc. ("PayPal") sent an unsolicited text message advertisement to his cell phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA").  As detailed below, however, Roberts's claim fails as a matter of undisputed fact and settled law because he plainly provided his "prior express consent" to receiving the text message, within the meaning of the TCPA.

First, Roberts admittedly provided his cell phone number to PayPal.  As a matter of settled law, this, in and of itself, constitutes Roberts's prior express consent to receiving the text at that number.  See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 7 F.C.C.R. 8752, 8769 (Oct. 16, 1992) ("1992 Report and Order") (for purposes of the TCPA, "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given"); see also Gutierrez v. Barclays Grp., No. 10cv1012 DMS (BGS), 2011 WL 579238, at *2-3 (S.D. Cal. Feb. 9, 2011) ("prior express consent" established where plaintiff provided his cell phone number); Starkey v. Firstsource Advantage, LLC, No. 07-CV-662A(ASR), 2010 WL 2541756, at *6 (W.D.N.Y. Mar. 11, 2010) (same).  Under these authorities, PayPal need prove nothing more, and Roberts's claim is defeated.

Second, even if PayPal has an obligation to make a further showing, which it does not, at the time Roberts provided his cell phone number to PayPal, the express agreement governing Roberts's PayPal account explicitly stated that, by providing a cell phone number, a customer gives the required consent to receive autodialed or prerecorded calls at that number.  Thus, Roberts's claim fails for this additional reason.

Notably, one court already has held that prior express consent for purposes of the TCPA was obtained where a plaintiff provided PayPal with his cell phone number and consented to PayPal's User Agreement.  See Frausto v. I.C. Sys., Inc., No. 10-CV-1363, 2011 WL 3704249, at *2 (N.D. Ill. Aug. 22, 2011) (granting summary judgment against plaintiff).  Because PayPal also establishes the defense of prior express consent against Roberts, as a matter of undisputed fact and

-1-

LA 51559844

settled law, his TCPA claim fails.  As a result, PayPal is entitled to summary judgment, which will dispose of the Complaint and this action in its entirety.

## II. THE ALLEGATIONS OF THE COMPLAINT

Roberts asserts that, on December 8, 2010 at 1:35 p.m., PayPal sent the following text message to his cell phone:

> PayPal:  Welcome!  To learn more about PayPal Mobile Services, visit m.paypal.com.  To stop notifications, text STOP to 729725.  For more info, text HELP to 729725 o 1/2 r call 1-888-221-1161.  Msg and data rates may apply.  2/2

(Complaint ¶ 27-28; Declaration of Lisa M. Simonetti ("Simonetti Decl."), Ex. C at Roberts 000001.)  Roberts alleges that he did not invite or permit PayPal to send this text message to his cell phone and, thus, PayPal violated the TCPA by sending it.  (Complaint ¶ 28, 32-35.)

Roberts purports to assert the instant TCPA claim for himself and a class consisting of:

> All cellular telephone account holders owning a cellular telephone number to which a text message was sent advertising the commercial availability of PayPal's property, goods, or services without their prior express invitation or permission to receive advertisements by text message.

(Id. ¶ 12.)  Through the Complaint, Roberts seeks statutory damages in the amount of $500 or $1,500 per text message, injunctive relief, attorneys' fees and costs.  (Id., Prayer For Relief.)

## III. UNDISPUTED FACTS

### A. The Parties

PayPal operates an online payments platform, which enables individuals and businesses who register to use PayPal's services to securely, easily and quickly send and receive payments online.  (Declaration of John Muller ("Muller Decl.") ¶ 4.)  Roberts is a PayPal account holder. (Id. ¶¶ 7, 15, Exs. A, E; Simonetti Decl., Ex. B at Request for Admission ("RFA") No. 3.)

### B. Roberts's PayPal Account And Cell Phone Number

To use PayPal's services, an individual must first create a PayPal account.  (Muller Decl. ¶ 5.)  Before a potential user may create a PayPal account, he or she must first accept the terms of the PayPal User Agreement ("User Agreement"), which sets forth the terms and conditions and otherwise governs the relationship between PayPal and its users.  (Id. )

- 2 -

1   Roberts created his PayPal account (the "Account") and agreed to and accepted the User
2   Agreement on September 13, 2002 at 12:21:54 Pacific Daylight Time.  (Id. ¶ 7, Ex. A; see also
3   Simonetti Decl., Ex. A at Interrogatory No. 4 and Ex. B at RFA No. 3.)  At the time Roberts
4   registered as a PayPal user, PayPal required potential users to accept the User Agreement by
5   affirmatively checking a box or clicking a button on the registration form.  (Muller Decl. ¶ 5)
6   Before accepting the User Agreement, Roberts would have had the opportunity to review the terms
7   of the User Agreement either in a scroll box on the registration page or via a link on that page
8   taking him to the User Agreement on a separate page.  (Id.)  PayPal also makes its User Agreement
9   available to its users and the public through a "Legal agreements" link that appears on every page
10  of the PayPal.com website.  (Id.)  In the event a potential user chooses not to accept the terms of
11  the User Agreement, the potential user cannot complete the registration process or create a PayPal
12  account.  (Id. ¶ 6)

13   On the date Roberts created his Account, the User Agreement itself advised as follows:

**This User Agreement ("Agreement" or "User Agreement") is a contract between you and PayPal, Inc. and applies to your use of the PayPal$^{TM}$ payment service and any related product and services (collectively the "Service") . . . .**

**By clicking "I Agree", "I Accept", or by submitting payment information through the Service you agree to the terms and conditions of the Agreement . . . .**

19  (Muller Decl., Ex. B)  The User Agreement also provided that it "is subject to change by PayPal
20  without prior notice (unless prior notice is required by law), by posting of the revised Agreement
21  on the PayPal website" and that the user "may review the current Agreement prior to initiating a
22  transaction at any time at our User Agreement page."[1]  (Id.)

23   Roberts accessed the Account many times in the years since he opened the account and has
24  sent many payments using the Account over those years.  (Id., Exs. A, E.)  As particularly relevant

---

[1] Roberts also accepted a revised User Agreement on May 3, 2003, which similarly provided that PayPal "may amend this Agreement at any time by posting the amended terms on [its] site" and that, unless otherwise stated, "all amended terms shall be effective 30 days after they are initially posted on [its] site."  (Muller Decl. ¶¶ 8-10; Ex. C).  The revised User Agreement similarly advised that the user "may review the current Agreement prior to initiating a transaction at any time at our User Agreement page."  (Id., Ex. C)

here, Roberts used his Account on December 8, 2010 to send a payment of $55.95.  (Id. ¶ 12, Ex. E.)  On the same day, Roberts logged into his Account and, at 11:35:20 Pacific Standard Time (1:35 p.m. Central Standard Time), added his cell phone number, (XXX) XXX-0947 (the "Cell Number") as his primary contact number and created a mobile PIN (personal identification number).  (Id. ¶ 13, Ex. A.)[2]  Indeed, Roberts admits that he provided PayPal with his Cell Number.  (Simonetti Decl., Ex. B at RFA No. 2.)  Immediately after doing so—again, at 11:35 a.m. Pacific Standard Time (1:35 p.m. Central Standard Time)—Roberts received the "Welcome" text message alleged in the Complaint.  (Complaint ¶ 27; Simonetti Decl. Ex. C at Roberts 000001.)  At that time, the User Agreement provided:

> 1.9  Calls to You; Mobile Telephone Numbers.  By providing PayPal a telephone number (including a wireless/cellular telephone), you consent to receiving autodialed and prerecorded message calls from PayPal at that number.

(Muller Decl. ¶ 11, Ex. D (the "Consent Provision").)

Thus, per the User Agreement, by providing the Cell Number to PayPal on December 8, 2010, Roberts consented to receiving "autodialed and prerecorded message calls from PayPal at that number."  (Id. ¶ 11, 13, Exs. A, D; Simonetti Decl., Ex. B at RFA No. 2.)[3]  As of July 10, 2012, Roberts's Account remains open, and he has not set a number other than the Cell Number as his primary contact number since adding his Cell Number to his Account.  (Muller Decl. ¶ 15.)

## IV.  ARGUMENT

### A.  PayPal Easily Meets The Standard For Summary Judgment.

Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  A fact is material when, under the substantive governing law, it affects the outcome of

---

[2]  Creating a mobile PIN allows PayPal users an easier way to access their PayPal accounts and interact with PayPal through mobile devices.  (Muller Decl. ¶ 14).

[3]  Roberts has had the Cell Number since 2005.  (Simonetti Decl., Ex. A, Rog No. 1.)

- 4 -

the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).  If the evidence offered in support of the motion establishes every essential element of a defense, there is no need to offer evidence to negate or disprove matters on which the opposing party has the burden of proof at trial.  Celotex Corp., 477 U.S. at 323.

When the moving party carries its initial burden of production, "the burden [is] then shifted to the non-moving party to 'designate specific facts showing that there is a genuine issue for trial.'" Sluimer v. Verity, Inc., 606 F.3d 584, 586 (9th Cir. 2010) (quoting Celotex Corp., 477 U.S. at 323-24).  "To carry this burden, the non-moving party must 'do more than simply show that there is some metaphysical doubt as to the material facts.'"  Sluimer, 606 F.3d at 587 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Here, the undisputed facts are both narrow and clear:  Roberts provided his Cell Number to PayPal and is bound by the PayPal User Agreement and its Consent Provision.  Accordingly, Roberts's TCPA claim is defeated because he gave his prior express consent to PayPal to send the text message to his cell phone.

**B.   Roberts's TCPA Claim Fails As A Matter Of Undisputed Fact And Settled Law.**

**1.   Roberts's Claim Is Defeated Because He Provided The Cell Number to PayPal.**

The TCPA was enacted to protect the privacy interests of residential telephone subscribers through various restrictions on the use of automated telephone equipment.  See S. Rep. No. 102-178, 102nd Cong., 1st Sess. (1991).  The primary impetus for the TCPA was the rise of telemarketing calls using artificial or prerecorded voices.  See Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951-54 (9th Cir. 2009).  The restrictions related to cell phones are set forth in 47 U.S.C. § 227(b)(1), which provides, in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –

    (A) to make any call (other than a call made for emergency purposes or made with the <u>prior express consent</u> of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – . . .

    (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

(Emphasis added.)

    The Federal Communications Commission (the "FCC") has the authority to "prescribe regulations to implement the requirements of [the TCPA]." <u>See</u> 47 U.S.C. § 227(b)(2).[4] The TCPA does not define the word "call." However, in 2003, the FCC stated that the TCPA "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service." In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 2003 WL 21517853 (July 3, 2003) ("2003 Report and Order"). The Ninth Circuit has since held that a text message is a "call" for purposes of the TCPA. <u>See</u> <u>Satterfield</u>, 569 F.3d at 954 (citing the 2003 Report and Order); <u>see also</u> <u>Lozano v. Twentieth Century Fox Film Corp.</u>, 702 F. Supp. 2d 999, 1009 (N.D. Ill. 2010) (agreeing with the FCC's interpretation of a "call"); <u>Joffe v. Acacia Mortg. Corp.</u>, 121 P.3d 831, 211 Ariz. 325 (Ariz. Ct. App. 2005) (holding that a text message is a "call" under the TCPA), <u>cert. denied</u>, 549 U.S. 1111, 127 S. Ct. 934, 166 L. Ed. 2d 703 (2007).

    Critically, with respect to the requirement of prior express consent, the FCC has made clear that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary. Hence, telemarketers will not violate our rules by calling a number which was provided as one at which the called party wishes to be reached." <u>See</u> 1992 Report and Order at 8769. Thus, when a consumer provides a cell phone number to a company, as Roberts <u>admittedly</u> did here, he has given his prior express consent under the TCPA. Based on this cogent and straightforward rule, courts

---

[4]  The TCPA's implementing regulations are set forth in 47 C.F.R. parts 64 and 68.

- 6 -

Notice of Motion and Motion of Defendant
PayPal, Inc. for Summary Judgment
Case No. C 12-0622 PJH

LA 51559844

routinely dispose of TCPA claims. See, e.g., Gutierrez, 2011 WL 579238, at *2-3 (finding that defendant met its burden of demonstrating that the customer provided "prior express consent" based on "a copy of the on-line application form, which lists both cellular numbers" to which allegedly unsolicited text messages were sent); Starkey, 2010 WL 2541756, at *6 (endorsing FCC's interpretation of "prior express consent" where plaintiff admitted providing cell phone number); Moise v. Credit Control Servs., No. 11-60026-CIV-SEITZ/SIMONTON, 2011 U.S. Dist. LEXIS 120250, at *4-5 (S.D. Fla. Oct. 18, 2011) ("Based on the plain language of the TCPA and the FCC order, it is clear that if Plaintiff gave his cell phone number directly to [defendant], that would constitute express consent."); Cavero v. Franklin Collection Serv. Inc., No. 11-22630-CIV, 2012 WL 279448, at *3 (S.D. Fla. Jan. 31, 2012) (granting summary judgment in favor of defendant because records showed, and plaintiff did not dispute, that plaintiff provided his cell phone number); Cunningham v. Credit Mgmt., L.P., No. 3:09-cv-1497-GB (BF), 2010 WL 3791104, at *5 (N.D. Tex. Aug. 30, 2010) (finding that defendant made a prima facie showing of consent where plaintiff refused to disclaim that he had provided his cell phone number); Osorio v. State Farm Bank, F.S.B., No. 11-61880-CIV, 2012 WL 1671780, at *5 (S.D. Fla. May 10, 2012) (granting summary judgment for defendant because plaintiff consented to being contacted on cell phone by providing cell phone number); Greene v. DirecTV, Inc., No. 10 C 117, 2010 WL 4628734, at *3 (N.D. Ill. 2010) (summary judgment granted because plaintiff provided prior express consent by "releasing her cell phone number as the one at which she wished to be reached"); see also Ibey v. Taco Bell Corp., No. 12–CV–0583–H (WVG), 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012) (recognizing that plaintiff consented to receiving an immediate text message from defendant when plaintiff "initiated contact" and "voluntarily provided his phone number").[5]

---

[5] The sending of the text message Roberts received here—received at the same time Roberts added his mobile phone number to his PayPal account and created a mobile PIN—also does not constitute a violation of the TCPA because it does not "demonstrate an invasion of privacy contemplated by Congress in enacting the TCPA." Ibey, 2012 WL 2401972, at *3. Roberts's claim fails for this additional reason.

Further, a court has already rejected a TCPA claim brought by a plaintiff who provided his cell phone number to PayPal. See Frausto, 2011 WL 3704249, at *2. In Frausto, plaintiff sued the defendant debt collector for violation of the TCPA after receiving collection calls on his cell phone regarding his delinquent PayPal account. Id., at *1. Defendant moved for summary judgment on the ground that plaintiff provided his prior express consent to receive such calls. Id. There, as here, the evidence established that plaintiff had provided PayPal with his cell phone number. Id. Granting defendant's motion, the court cited, among other authorities, the 1992 Report and Order. Id., at *2 ("persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary").[6]

Therefore, as in Frausto, Roberts's provision of the Cell Number is dispositive on the issue of consent. Roberts's Account records confirm that, on December 8, 2010, he affirmatively logged into his Account and, at 11:35 a.m. Pacific Standard Time (1:35 a.m. Central Standard Time), he added the Cell Number as his primary contact telephone number. Roberts himself admits that he provided his Cell Number to PayPal, and he received the text message alleged in the Complaint at this precise moment. Therefore, as a matter of fact and law, Roberts provided the requisite prior express consent to being contacted by PayPal at the Cell Number for purposes of the TCPA. See 1992 Report and Order at 8769; Frausto, 2011 WL 3704249, at *2; Gutierrez, 2011 WL 579238, at *2-3; see also Ibey, 2012 WL 2401972, at *3.

### 2. Further, Even Though PayPal Need Show Nothing More Than That Roberts Provided The Cell Number, He Also Is Bound By The Consent Provision.

By agreeing to the terms and conditions of the User Agreement, Roberts was subject to the Consent Provision at the time he provided his Cell Number to PayPal, and in that additional way

---

[6] The court in Frausto also noted that it was bound by the FCC's declaratory rulings and orders pursuant to the Hobbs Act. See 2011 WL 3704249, at *2; see also Leckler v. Cashcall, Inc., No. C 07-04002 SI, 2008 WL 5000528 at *3 (N.D. Cal. Nov. 21, 2008) ("The Hobbs Act, 28 U.S.C. § 2342, gives the federal courts of appeals 'exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47.'") (citing US West Commc'ns., Inc. v. Hamilton, 224 F.3d 1049, 1054 (9th Cir. 2000)). This is correct, of course, and the FCC's 1992 Report and Order resolves the issue at hand.

- 8 -

provided his prior express consent.  See Frausto, 2011 WL 3704249, at *2 (plaintiff "consented to PayPal's user agreement," which stated:  "By providing PayPal a telephone number (including a wireless/cellular telephone), you consent to receiving autodialed and prerecorded message calls from PayPal at that number."); Beard v. PayPal, Inc., No. 09–1339–JO, 2010 WL 654390, at *3 (D. Or. Feb. 19, 2010) (recognizing that, by "affirmatively . . . checking the appropriate box on the registration webpage" plaintiffs were bound by the terms of the PayPal User Agreement).  The facts supporting this conclusion are very simple:  (1) Roberts opened his Account in 2002 and, when doing so, accepted all of the terms and conditions contained in the User Agreement, including the provision that permitted PayPal to modify the terms of the User Agreement;[7] and (2) at the time Roberts provided PayPal with his Cell Number, the User Agreement governing his Account at the time contained the Consent Provision.  Roberts was not only bound by the Consent Provision through his acceptance of the term in PayPal's User Agreement that allows PayPal to modify the terms of the User Agreement, but also by using his Account to send a payment of $55.95 on the day he provided his Cell Number to PayPal.  Accordingly, for the added reason that Roberts was bound by the Consent Provision at the time he provided his Cell Number to PayPal, his TCPA claim fails as a matter of law.[8]

/ / /

/ / /

/ / /

/ / /

---

[7] As stated previously, Roberts also accepted a revised version of PayPal's User Agreement in 2003, which similarly permitted PayPal to modify the terms of the User Agreement by posting the revised terms to PayPal's website.  (Muller Decl. ¶¶ 8-9, Ex. C)

[8] Because Roberts's individual claim against PayPal fails, he is an inadequate representative and thus cannot represent any putative class.  See Fed. R. Civ. P. 23(a)(4) (plaintiffs must demonstrate that they will "fairly and adequately protect the interests of the class."); Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001) (a party seeking class certification bears the burden of demonstrating each of the four requirements of Rule 23(a)); Randall v. Rolls-Royce Corp., 637 F.3d 818, 824 (7th Cir. 2011) ("Named plaintiffs who are subject to a defense that would not defeat unnamed class members are not adequate class representatives . . . ."); see also In re Ebay Seller Antitrust Litig., No. C 07–01882 JF (RS), 2010 WL 760433, at *14 (N.D. Cal. Mar. 4, 2010) (granting summary judgment as to class representatives' claims and denying motion for class certification as moot).

## V. CONCLUSION

For each of the foregoing reasons, PayPal respectfully requests that the Court grant the Motion in its entirety.

Dated: July 11, 2012

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
LISA M. SIMONETTI
JOSEPH A. ESCAREZ

By: /s/ Lisa M. Simonetti
Lisa M. Simonetti

Attorneys for Defendant
PAYPAL, INC.

- 10 -

## **CERTIFICATION**

I hereby certify that, on July 11, 2012, copies of **NOTICE OF MOTION AND MOTION OF DEFENDANT PAYPAL, INC. FOR SUMMARY JUDGMENT** were filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

By:     /s/ Lisa M. Simonetti
           Lisa M. Simonetti