UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID ROBERTS,

    Plaintiff,

    v.

PAYPAL, INC.,

    Defendant.

_____/

No. C 12-0622 PJH

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Defendant's motion for summary judgment came on for hearing before this court on April 24, 2013. Plaintiff David Roberts ("plaintiff) appeared through his counsel, James Smith. Defendant PayPal, Inc. ("defendant" or "PayPal") appeared through its counsel, Lisa Simonetti and Arjun Rao. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion as follows.

**BACKGROUND**

This case arises out of the Telephone Consumer Protection Act ("TCPA"), which provides, in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or an artificial or prerecorded voice – . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1).

Plaintiff alleges that defendant PayPal sent an unsolicited text message to his cellular phone, and brings this suit on behalf of himself and a putative class of "all cellular telephone account holders owning a cellular telephone number to which a text message

was sent advertising the commercial availability of PayPal's property, goods, or services without the prior express invitation or permission to receive advertisements by text message."

Plaintiff became a PayPal customer in September 2002, and agreed to PayPal's user agreement, which, at the time, did not include any reference to phone calls placed by PayPal to its customers. Instead, the agreement stated that PayPal would only contact customers via email or via postings on the PayPal website. However, the user agreement did state that it "is subject to change by PayPal without prior notice (unless prior notice is required by law), by posting of the revised agreement on the PayPal website." Plaintiff later accepted a revised agreement on May 3, 2003, which still did not make reference to phone contact, but which again allowed PayPal to amend the agreement by posting the amended terms on its website.

On November 10, 2008, PayPal changed the terms of its user agreement so that it could contact its customers by phone. Specifically, the amended terms read:

> Calls to You. By providing PayPal a telephone number (including a wireless/cellular telephone), you consent to receiving autodialed and prerecorded message calls from PayPal at that number.

Soon after, on December 8, 2010, plaintiff accessed his account to send a payment. On the same day, plaintiff added his cell phone number to his account. Plaintiff claims that he did not read the revised user agreement, which included the new "Calls to You" section. Immediately after providing his phone number, plaintiff received a text message, stating:

> PayPal: Welcome! To learn about PayPal Mobile services, visit m.paypal.com. To stop notifications, text STOP to 729725. For more info, text HELP to 729725 o 1/2 r call 1-888-221-1161. Msg and data rates may apply. 2/2

(Note: the "1/2" and "2/2" indicate that the message was split into two text messages, presumably because of length restrictions on plaintiff's phone.)

This text message is the basis for plaintiff's suit, which was filed on February 8, 2012, asserting one cause of action for violation of the TCPA.

**DISCUSSION**

A.   Legal Standard

A party may move for summary judgment on a "claim or defense" or "part of . . . a claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Id.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Material facts are those that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Soremekun v.Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party may carry its initial burden of production by submitting admissible "evidence negating an essential element of the nonmoving party's case," or by showing, "after suitable discovery," that the "nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1105-06 (9th Cir. 2000); see also Celotex, 477 U.S. at 324-25 (moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case).

When the moving party has carried its burden, the nonmoving party must respond with specific facts, supported by admissible evidence, showing a genuine issue for trial. Fed. R. Civ. P. 56(c), (e). But allegedly disputed facts must be material – the existence of only "some alleged factual dispute between the parties will not defeat an otherwise properly

3

1  supported motion for summary judgment." Anderson, 477 U.S. at 247-48.

2  When deciding a summary judgment motion, a court must view the evidence in the
3  light most favorable to the nonmoving party and draw all justifiable inferences in its favor.
4  Id. at 255; Hunt v. City of Los Angeles, 638 F.3d 703, 709 (9th Cir. 2011)

5  B.    Legal Analysis

6  Defendant's motion for summary judgment is based on the argument that plaintiff
7  gave his prior express consent to receive text messages from defendant, thus precluding
8  any TCPA claim. Specifically, PayPal argues that plaintiff consented to receive text
9  messages when he provided his cell phone number to PayPal via its website, and
10 alternatively argues that plaintiff consented to receive text messages by accepting the
11 PayPal user agreement. This order will address those two arguments separately.

12 First, PayPal argues that plaintiff consented to receive text messages simply by
13 providing his cell phone number to PayPal. PayPal notes that Congress has delegated to
14 the FCC the authority to "prescribe regulations to implement the requirements of" the
15 TCPA. 47 U.S.C. § 227(b)(2). The FCC has issued rules and regulations regarding the
16 issue of "prior express consent," stating that "persons who knowingly release their phone
17 numbers have in effect given their invitations or permission to be called[1] at the number
18 which they have given, absent instructions to the contrary." See In re Rules and
19 Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and
20 Order, 7 F.C.C.R. 8752, 8769 (Oct. 16, 1992). PayPal has not identified any Ninth Circuit
21 cases adopting this particular section of the 1992 FCC report, but does cite to the Ninth
22 Circuit's recent decision in Meyer v. Portfolio Recovery Associates, LLC, in which the court

---

[1] Plaintiff attempts to evade this FCC report by arguing that it "did not address text messages in any way." Dkt. 45 at 16. However, plaintiff's TCPA claim depends on the FCC's determination that the TCPA "encompasses both voice calls and text calls to wireless numbers." See 18 F.C.C.R. 14014, 14115 (July 3, 2003); see also Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 953 (9th Cir. 2009) ("Therefore, the FCC has determined that a text message falls within the meaning of 'to make any call' in [TCPA]"). Plaintiff cannot now argue that a call and a text are the same for TCPA liability purposes, but different for TCPA consent purposes.

1 relied on a different FCC report in interpreting the TCPA's "prior express consent"
2 provision. 707 F.3d 1036, 1042 (9th Cir. 2012). PayPal also cites to a number of district
3 court cases that have rejected TCPA claims based on plaintiff's prior express consent.
4 See, e.g., Ryabyshchuck v. Citibank (South Dakota) N.A., 2012 WL 5379143 (S.D. Cal.
5 Oct. 30, 2012); Ibey v. Taco Bell Corp., 2012 WL 2401972 (S.D. Cal. June 18, 2012).
6 However, both of these cases are distinguishable from the present case. In both
7 Ryabyshchuck and Ibey, the allegedly unsolicited text message was sent in response to a
8 text message sent from the plaintiff. Specifically, the Ryabyshchuck and Ibey plaintiffs both
9 initially agreed to receive text messages from the defendants, but then changed their
10 minds, and texted "STOP" to the defendants. In response, the defendants sent a
11 confirmatory text message to the plaintiffs, confirming that they would not send any further
12 text messages. The plaintiffs then filed suit, each alleging that the confirmatory text
13 message violated the TCPA. In each case, the court held that "sending a single,
14 confirmatory text message in response to an opt-out request from plaintiff . . . does not
15 appear to demonstrate an invasion of privacy contemplated by Congress in enacting the
16 TCPA." Ryabyshchuck at *3; Ibey at *3. In this case, PayPal's text message was not sent
17 in response to an opt-out request, so Ryabyshchuck and Ibey are distinguishable.

18 PayPal then cites to another district court case in which the court granted a motion
19 to dismiss the plaintiff's TCPA claim based on her prior express consent. Pinkard v. Wal-
20 Mart Stores, Inc., 2012 WL 5511039 (N.D. Ala. Nov. 9, 2012). Even though Pinkard is from
21 outside of this circuit, the opinion relies on Ninth Circuit authority in reaching its conclusion
22 that "'[p]rior express consent' to receive a call is given when the 'called party' voluntarily
23 proffers her telephone number to the calling party." Id. at *6 (citing Satterfield, 569 F.3d at
24 955). In Pinkard, the plaintiff dropped off a prescription at Wal-Mart, and Wal-Mart
25 employees asked for some of her personal information, including her cell phone number.
26 The employees did not seek explicit permission to send text messages, but within a few
27 hours of providing her number, plaintiff received a number of text messages. When she
28 inquired about the messages, she was told that Wal-Mart automatically enrolls individuals

5

who pick up prescriptions into a program that provides Wal-Mart-related text messages. The court noted that "the TCPA does not define 'express consent,'" but cited the 1992 FCC report as interpreting "express consent" to "encompass a situation where an individual voluntarily divulges her telephone number." Pinkard, 2012 WL 5511039 at *5. And because "[b]y her complaint's own admission, plaintiff provided her telephone number to defendant at defendant's request," the court granted Wal-Mart's motion to dismiss plaintiff's TCPA claim. Id. at *6.

In response to PayPal's citation to Pinkard, plaintiff argues that the present case involves three issues that were not present in Pinkard: "(1) the distinction between interpreting 'calls' under the TCPA for purposes of protecting consumers versus 'calls' in a contract under rules of contract, (2) unreasonableness of relying upon express consent in an adhesion contract, and (3) unconscionability of forcing express consent upon consumers in an adhesion contract." Dkt. 45 at 18. However, plaintiff appears to be muddling two of PayPal's arguments here. As noted above, PayPal makes two separate and independent arguments in its motion: (1) plaintiff consented to receive text messages from PayPal simply by providing his cell phone number; and (2) plaintiff consented to receive text messages from PayPal by agreeing to PayPal's user agreement. Plaintiff's arguments are indeed relevant to (2), but are irrelevant to (1), which focuses only on plaintiff's providing of his cell phone number to PayPal and does not factor any contract (i.e. the user agreement) into the analysis. Plaintiff then argues that "[c]alls made by a health care-related entity are of an entirely different character than the text message advertisements sent by PayPal here." Dkt. 45 at 18. But plaintiff provides no authority for the proposition that text messages from a "health care-related entity" are entitled to different treatment under the TCPA (even assuming that Wal-Mart is indeed a health care-related entity).

The court does find the reasoning of Pinkard persuasive, and adopts it here. In particular, the court finds that Pinkard correctly applied the Ninth Circuit's Satterfield decision in reaching its conclusion. In Satterfield, the plaintiff provided her cell phone

6

number to a company called Nextones (which was not a defendant in that case) in order to receive a free ringtone. 569 F.3d at 949. The plaintiff then received a text message from defendant Simon & Schuster, which had obtained a list of Nextones subscribers. Id. The court held that "Satterfield had solely consented to receiving promotional material from Nextones or their affiliates and brands," and that her consent "cannot be read as consenting to the receipt of Simon & Schuster's promotional material." Id. at 955. Thus, the Satterfield court found that there was no "prior express consent" as to Simon & Schuster, and reversed the district court's grant of summary judgment in defendant's favor. Id. at 956. The Pinkard court, in applying Satterfield, found that it "actually hinders, rather than helps, plaintiff," because "[u]nlike Ms. Satterfield, plaintiff in this case sued the party to whom she gave her telephone number." 2012 WL 5511039 at *5. "And in that situation, the Satterfield court explicitly found that express consent existed." Id.

      In this case, the court similarly finds that the holding of Satterfield is distinguishable. First, as in Pinkard, the plaintiff provided his cell phone number to defendant, and then received a text message from defendant (and not a third-party). Second, unlike Satterfield, the content of the complained-about text message is closely related to the circumstances under which plaintiff provided his cell phone number. The Satterfield plaintiff provided her cell phone number to Nextones in order to receive a free ringtone, and then received a text message from a completely different company (Simon & Schuster) regarding a completely different subject (a Stephen King novel). In contrast, the plaintiff in this case provided his cell phone number in order to receive information regarding PayPal's mobile services (as plaintiff's counsel stated at the hearing), and then received a text message regarding PayPal's mobile services. Thus, even if the court were to narrowly construe the scope of plaintiff's "prior express consent," the text message at issue would fall within the scope of that consent. For these reasons, the court finds that plaintiff did give his prior express consent to receive the text message at issue, and GRANTS summary judgment in favor of defendant.

      Because the court finds that plaintiff consented to receive text messages from

7

PayPal simply by providing his cell phone number, it need not (and does not) reach the merits of PayPal's alternative argument, that plaintiff agreed to the PayPal user agreement and therefore provided prior express consent to receive text messages. However, the court notes that plaintiff expressly agreed to the user agreement on two occasions - when he first signed up for a PayPal account in September 2002, and again in response to a PayPal prompt in May 2003. However, it was not until November 2008 that the user agreement made clear that PayPal could contact its users by phone. PayPal argues that plaintiff consented to the 2008 version of the agreement simply by agreeing to prior versions of the agreement, which allowed PayPal to amend the agreement by posting the amended terms on its website. However, PayPal does not allege that plaintiff expressly consented to the 2008 version of the agreement, and does not allege that plaintiff was ever alerted to the existence of a revised agreement. Instead, PayPal takes the position that plaintiff had access to the revised agreement (which was available on PayPal's website), and could have reviewed it before providing his cell phone number. However, the TCPA requires "prior express consent" to receive text messages, and the court is hesitant to find that plaintiff could have provided his consent through a revised user agreement of which he was never made aware. Thus, the court's grant of summary judgment is made without reference to the PayPal user agreement, and is based only on plaintiff's providing his number to PayPal.

After the hearing, each party submitted supplemental authority in support of its position. PayPal filed its notice without seeking leave of court, in violation of Local Rule 7-3(d), and it is thus STRICKEN. Plaintiff did file a motion for leave to file its notice of recent decision, but the court has reviewed the attached decision and finds that it does not change the court's analysis of the motion, and thus DENIES the motion for leave as moot.

**IT IS SO ORDERED.**

Dated: May 30, 2013

PHYLLIS J. HAMILTON
United States District Judge

8